**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DR. ANUPAMA SHIVARAJU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 2128 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| ADVOCATE CHRIST MEDICAL CENTER, | ) | |
| ADVOCATE HEALTH CARE, and | ) | |
| ADVOCATE HEALTH AND HOSPITALS | ) | |
| CORPORATION, an Illinois not-for-profit | ) | |
| corporation d/b/a ADVOCATE MEDICAL | ) | |
| GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants' motion to dismiss the First Amended Complaint or in the alternative to compel arbitration, which is granted in part and denied in part for the reasons explained below.

## BACKGROUND

In this action for sex discrimination and retaliation in violation of Title VII, plaintiff, Anupama Shivaraju, M.D., alleges that she "was formerly employed by [defendant] Advocate Health and Hospitals Corporation ("AHHC") d/b/a Advocate Medical Group ("AMG") and worked at Advocate Christ Medical Center ("ACMC")." (ECF No. 27-1, 1st Am. Compl. ¶ 5.) Plaintiff alleges that she "worked as an Interventional Cardiologist for AMG from August 4, 2014, until she was constructively discharged on January 22, 2019." (*Id.* ¶ 7.)

In her original complaint, filed on April 3, 2020, plaintiff named a single defendant, "Advocate Health Care," although she included the allegation that she was formerly employed by AMG and worked at ACMC. (ECF No. 1, Compl. ¶ 5.) In the First Amended Complaint, plaintiff has added two defendants: (1) AHHC, doing business as AMG (to which the Court will refer simply as "AMG"); and (2) ACMC.

Defendants move to dismiss the First Amended Complaint or, in the alternative, to compel arbitration pursuant to Dr. Shivaraju's employment agreement.

**DISCUSSION**

For purposes of a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts therein, and draws all reasonable inferences in plaintiff's favor. *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). On a motion to dismiss, the Court may consider the allegations of the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

Defendants first assert that plaintiff's claims against Advocate Health Care and ACMC must be dismissed because those defendants are not sufficiently alleged to have employed plaintiff. To succeed on her claim against a given defendant, plaintiff must prove the existence of an employer-employee relationship. *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015). A plaintiff may have multiple employers for the purpose of Title VII liability, and in certain circumstances may have a Title VII claim against a defendant who is not her direct employer where that defendant exercised sufficient control over her in the workplace. *Id.* Plaintiff alleges that she "worked at" and "practiced at" ACMC (1st Am. Compl. ¶¶ 5, 8, 10, 11, 21) and that ACMC administrators discriminated and retaliated against her, including by threatening to revoke her hospital privileges and reducing her privileges. Plaintiff has therefore pleaded factual content that allows the Court to draw the reasonable inference that ACMC was her employer. But the same is not true of Advocate Health Care; plaintiff does not allege any facts about this entity, so it will be dismissed as a defendant.

Defendants also argue that plaintiff's claims against Advocate Health Care and ACMC must be dismissed because those entities were not sufficiently named in plaintiff's EEOC Charge. A plaintiff in a Title VII case must file suit within ninety days after receiving notice of a right to sue, or the suit is untimely. 42 U.S.C. § 2000e-5(f)(1); *Averhart v. Sheriff of Cook Cnty.*, 752 F.3d 1104, 1106 (7th Cir. 2014). Generally, only those named as respondents to an EEOC charge can later be sued for violations of Title VII, but if a party had notice of the charge and an opportunity to participate in the EEOC's conciliation process, the fact that it was not named in the charge will not shield it from suit. *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981). As for ACMC, defendants contend that plaintiff's Charge "contains only vague references" to it. (ECF No. 29, Defs.' Mot. Dismiss at 6.) This is simply incorrect. On the first page of her Charge, plaintiff expressly named, in addition to AMG and two individuals, "Advocate Christ Medical Center (ACMC)" as "the employer . . . who discriminated against [her]." (1st Am. Compl., Ex. 1, Charge.) In the Declaration attached to her Charge, plaintiff stated that AMG hired her to "build a comprehensive structural heart disease program . . . at [ACMC], [her] primary work location" and that she worked as an Interventional Cardiologist "at AMG and ACMC." (*Id.*, Decl. ¶¶ 3, 5.) She also alleged that hospital administration tolerated and failed to stop unlawful discrimination and retaliation

against her. ACMC thus had notice of the Charge and an opportunity to participate in the conciliation proceedings. The same cannot be said of Advocate Health Care, so there is a second reason to dismiss the claims against that defendant. The dismissal will be with prejudice because the claim is time-barred.[1]

Next, defendants contend that plaintiff's claims against AMG and ACMC are time-barred because plaintiff sued only Advocate Health Care in the original complaint. According to defendants, the claims do not relate back to the filing of the original complaint because there was no confusion here; plaintiff's having named only Advocate Health Care as a defendant in the original complaint was not, as plaintiff previously claimed, an "inadvertent mistake," but rather a "[s]trategy . . . for avoiding arbitration." (Defs.' Mot. Dismiss at 9.) The Court is not persuaded. Defendants fail to discuss the elements of the relation-back doctrine or present legal analysis on this issue in their opening brief, so they waive it. And even if they had properly raised it, it would have been an unsuccessful argument. Under Federal Rule of Civil Procedure 15, when an amendment adds a party, the amended complaint relates back to the date of the original complaint when the new party (1) received such notice of the action that it will not be prejudiced in defending on the merits; and (2) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C). The proper focus is on what defendants knew during the Rule 4(m) period for service, not on what plaintiff knew or should have known at the time she filed the original complaint. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010); *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011). Both prongs of the relation-back analysis are satisfied here. As plaintiff points out, AMG and ACMC do not contend that they lacked knowledge of the action or would suffer any prejudice in defending it. Defendants are related entities, represented by the same counsel. Both AMG and ACMC are mentioned in the original complaint; plaintiff alleged therein that AMG employed her and that she worked at ACMC and that the administrators of both entities discriminated against her. Even before plaintiff sought to amend the complaint to add AMG and ACMC as parties, Advocate Health Care filed an initial motion to dismiss in which it discussed plaintiff's allegations about AMG and ACMC and argued for compelled arbitration of plaintiff's claims against AMG. Defendants question whether plaintiff truly made a mistake, but the relationship among the myriad defendant Advocate entities appears to be complex. For example, defendants state in their motion that "Advocate Christ Medical Center is an assumed name of Advocate Health and Hospitals Corporation [AMG]" and that "Advocate Health Care is an assumed name of Advocate Health Care Network." (Defs.' Mot. Dismiss at 1 nn.1 & 2.) A review of plaintiff's Employment Agreement also reveals the intertwined nature of these entities. Plaintiff sought to amend the complaint shortly after the initial motion to dismiss was filed, and there has been no prejudice to defendants whatsoever.

---

[1]     Plaintiff argues that a Rule 12(b)(6) motion is improper with respect to the statute of limitations because "discovery is required." (ECF No. 31, Pl.'s Resp. at 1 n.1.) While a limitations defense is not normally part of a motion to dismiss, when it is apparent from a complaint that a claim is time-barred, it is subject to dismissal for failure to state a claim. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

Defendants' final argument is that pursuant to plaintiff's Employment Agreement with AMG and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), plaintiff must be compelled to arbitrate her claims. Plaintiff's Employment Agreement states as follows in relevant part:

> Any controversy, dispute or claim arising out of or in connection with the employment relationship between Physician and AMG or this Agreement, or the breach, termination, or validity hereof, shall be settled by final and binding arbitration to be conducted by an arbitrator in Cook County, Illinois, pursuant to the rules of the American Health Lawyers Association ["AHLA"], expedited process. The arbitrator shall be selected by the American Health Lawyer Association Alternative Dispute Resolution Service. The decision or award of the arbitrator shall be final, and the judgment upon such decision or award may be entered in any competent court of law exercising jurisdiction over the parties hereto. In the event of any procedural matter not covered by the aforesaid rules, the procedural law of Illinois shall govern. The expense of such arbitration shall be shared equally by the parties. The scope of this clause includes the Physician's agreement to arbitrate any and all employment claims against AMG arising out of federal, state or municipal law, including but not limited to, discrimination and wage claims. As part of this agreement to arbitrate claims, Physician explicitly waives any right to punitive damages, exemplary damages and/or attorney's fees arising out of employment claims. The parties hereto further agree to waive any right to a jury trial. Notwithstanding anything herein to the contrary, neither party shall be obligated to submit any claim arising from or related to the breach of Section 7 hereof [titled Noncompetition, Confidentiality, and Nonsolicitation Covenants], and either party may seek to enforce its rights and exercise its remedies thereunder in any competent court of law exercising jurisdiction over the parties hereto without the necessity of referring such matter to arbitration.

(ECF No. 29-2, Employment Agreement, at 16.)[2]

The FAA governs the enforcement of arbitration agreements and states that a written arbitration provision "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *Int'l Ins. Co. v. Caja Nacional de Ahorro y Seguro*, 293 F.3d 392, 395 (7th Cir. 2002). It "evinces a national policy favoring arbitration" and "requires federal courts to place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1059-60 (7th Cir. 2018) (internal quotation marks and citations omitted); *see also Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018). To compel arbitration, a movant must show "(1) an agreement to arbitrate, (2) a dispute within the scope of the

---

[2] The Court may consider Dr. Shivaraju's Employment Agreement on a motion to dismiss because it is referred to in the First Amended Complaint, (¶¶ 27, 28, 40, 46), and is central to her claim. The Employment Agreement provides that it is governed by Illinois law. (Employment Agreement at 16.)

arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Zurich Am. Ins. Co. v. Watts Indus.*, 466 F.3d 577, 580 (7th Cir. 2006). "Once the party seeking arbitration has shown those elements, the burden shifts to the party opposing arbitration to demonstrate that the arbitration agreement is unenforceable or that the claims are unsuitable for arbitration." *Mecum v. Weilert Custom Homes, LLC*, 239 F. Supp. 3d 1093, 1095 (N.D. Ill. 2017).

Here, there is an arbitration agreement, and plaintiff refuses to arbitrate. She does not argue that this dispute is outside the scope of the arbitration provision, but does argue that the provision is unenforceable, for three reasons. First, it prohibits the recovery of punitive damages, exemplary damages, and attorney's fees and thus limits plaintiff's remedies, which plaintiff says contravenes Illinois public policy. In support of the latter proposition, plaintiff cites *Midget v. Sackett-Chicago, Inc.*, 473 N.E.2d 1280 (Ill. 1984), and *Ryherd v. General Cable Co.*, 530 N.E.2d 431 (Ill. 1988), which are distinguishable because they dealt specifically with provisions of collective-bargaining agreements that limited remedies for tort claims under the Illinois Workers' Compensation Act. Furthermore, the Seventh Circuit has rejected plaintiff's argument where, as here, the arbitration agreement covers disputes about its own validity. In *Carbajal v. H & R Block Tax Services, Inc.*, 372 F.3d 903, 906 (7th Cir. 2004), the plaintiff argued that his arbitration agreement with defendant was unenforceable because it was incompatible with the principle that a prevailing litigant is entitled to attorney's fees under the FDCPA. The Seventh Circuit held that the question of whether the contractual provision requiring the parties to bear their own costs was overridden by the federal statute was for the arbitrator, not the court, to determine. *Id.* at 906-07.

Second, plaintiff contends that the arbitration clause is unenforceable because it grants an arbitrator broad discretion by providing for the applicability of AHLA rules, which state that the arbitrator "'may' award any relief authorized by contract or applicable law that appears to be fair under the circumstances." (ECF No. 26-1, AHLA Rules of Procedure for Employment Arbitration, at 18.) According to plaintiff, because the word "may" is permissive and not mandatory, the AHLA rules allow an arbitrator to "ignore" state and federal law. Plaintiff cites no authority for the proposition that an arbitration provision is unenforceable simply because an arbitrator is given broad discretion, but in any event, the Court disagrees with plaintiff's unreasonable reading of the AHLA rule. Plaintiff emphasizes the word "may" to the exclusion of its context, a provision allowing for awards that are *authorized* by law. The provision does not in any way imply that arbitrators can "ignore" the law.[3]

In her third and final argument regarding arbitration, plaintiff maintains that the Employment Agreement is "inherently contradictory" because, while it provides for final and binding arbitration, it also states in a subsequent section that "Illinois courts shall have jurisdiction over all matters contained herein." (Pl.'s Resp. at 12 (citing Employment Agreement at 16).) Plaintiff asserts, without citing authority, that this is an ambiguity that means that "the arbitration option should be eliminated." (*Id.*) Given that the arbitration provision contains an

---

[3]     The Court also notes that the Employment Agreement contains a severability clause that provides that if any portion or portions of the contract are invalid or unenforceable, the remaining portions shall nevertheless be valid and enforceable. (Employment Agreement at 17.)

exception from compelled arbitration for claims related to the breach of noncompetition, confidentiality, and nonsolicitation covenants, the Court does not see that any ambiguity was created by specifying Illinois courts' jurisdiction. But, under *Carbajal*, the question is one for the arbitrator.

The Court concludes that plaintiff's claims against AMG must be arbitrated pursuant to the Employment Agreement and the FAA. Although defendants appear to vaguely assert that all of plaintiff's claims must be submitted to arbitration, plaintiff's Employment Agreement is with AMG only, and defendants present no argument as to why the claims against ACMC would be subject to arbitration. Those claims are non-arbitrable and will be stayed pending conclusion of the arbitration proceedings.

## CONCLUSION

Defendants' motion to dismiss the First Amended Complaint [29] is granted in part and denied in part. The motion is granted as to plaintiff's claims against defendant Advocate Health Care, and the claims against that defendant are dismissed with prejudice. The motion is denied as to the requested dismissal of the claims against defendants Advocate Christ Medical Center and Advocate Health and Hospitals Corporation, doing business as Advocate Medical Group. The motion is granted as to the request to compel arbitration of plaintiff's claims against Advocate Health and Hospitals Corporation, doing business as Advocate Medical Group, but denied as to the request to compel arbitration of plaintiff's claims against Advocate Christ Medical Center. It is ordered that arbitration shall proceed on plaintiff's claims against Advocate Health and Hospitals Corporation, doing business as Advocate Medical Group. The remainder of plaintiff's claims in this proceeding are stayed pending completion of arbitration. The parties are requested to file by 6/1/2021 a joint status report regarding the progress of arbitration.

**DATE:** December 7, 2020

*Ronald A. Guzmán*

**Hon. Ronald A. Guzmán**
**United States District Judge**